# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **RICHARD T. FISH AND KRISTA B. FISH** | * * * | **CIVIL ACTION NO:** |
| | * | **DISTRICT JUDGE:** |
| vs. | * * | |
| **MERIT ENERGY COMPANY, LLC, OXY USA, INC., ANADARKO E&P ONSHORE, LLC, AND SELECT OILFIED SERVICES, LLC** | * * * * | **MAGISTRATE JUDGE:** |

## JOINT NOTICE OF REMOVAL

**Merit Energy Company, LLC** ("Merit"), **Oxy USA, Inc.** ("Oxy"), **Anadarko E&P Onshore, LLC** ("Anadarko"), and **Select Oilfield Services, LLC** ("Select")(collectively, "Removing Defendants"),[1] appearing herein through undersigned counsel, with full reservation of rights, defenses, and objections, hereby remove the state court civil action pending in the 9th Judicial District Court for the Parish of Rapides, State of Louisiana, captioned "*Richard T. Fish*

---

[1] Reserving all rights, claims, causes of action, defenses, and objections, Select consents to and joins in the removal of this action, noting, however, that its consent to removal (as the improperly joined party) is not required. *See Green v. BP Am. Prod. Co.,* No. 18-0888, 2018 WL 5931148, at *2 (W.D. La. Oct. 26, 2018); *see also generally Old Indian Tricks, L.L.C. v. Sparks*, No. 22-00212, 2022 WL 4551896, at *2 n. 1 (W.D. La. Sept. 6, 2022) (citing *Mauldin v. Allstate Ins. Co.*, 757 Fed.Appx. 304, 309 (5th Cir. 2018)) (Perez-Montes, M.J), *report and recommendation adopted,* No. 22-00212, 2022 WL 4546263 (W.D. La. Sept. 28, 2022) (Drell, J.).

and Krista B. Fish v. Merit Energy Company, LLC, Oxy USA, Inc., Anadarko E&P Onshore, LLC, and Select Oilfield Services, LLC" and bearing Docket No. 274700 Div. "F", to the United States District Court for the Western District of Louisiana, Alexandria Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Removing Defendants state as follows:

## I. INTRODUCTION

Plaintiffs Richard T. Fish and Krista B. Fish (collectively, "Plaintiffs") filed an action entitled "*Richard T. Fish and Krista B. Fish v. Merit Energy Company, LLC, Oxy USA, Inc., Anadarko E&P Onshore, LLC, and Select Oilfield Services, LLC*" and bearing Docket No. 274700 Div. "F" on September 6, 2022, as shown by a copy of the Petition for Damages ("Petition") that is attached hereto, and included in Exhibit 1.[2] The Petition alleges that Plaintiffs own a tract of immovable property located Rapides Parish, Louisiana ("Subject Property") and that the Subject Property was contaminated by oil and gas exploration and production activities (specifically, the operation of wells) conducted by the "defendants" or their corporate predecessors in the Masters Creek Oil & Gas Field, as identified in the exhibits attached to the Plaintiffs' Petition.

The Petition names four defendants: Merit, Oxy, Anadarko, and Select. As set forth below, Merit, Oxy, and Anadarko are properly joined defendants; Select is not. Therefore, this Court has diversity jurisdiction under 28 U.S.C. § 1332 based on the amount in controversy and the citizenship of all properly joined parties who have complied with all procedural requirements for removal under 28 U.S.C. § 1446.

---

[2] *See* Exhibit 1, pp. 7-33.

## II. REMOVAL PREREQUISITES

This action satisfies all prerequisites for removal to this Court, including that the Joint Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

### A. Venue

Under 28 U.S.C. § 1441(a), this action may be removed to the district court of the United States for the district and division embracing the place where the state court action is pending. Venue for this removal is, therefore, proper in the United States District Court for the Western District of Louisiana, Alexandria Division, as this is the district and division embracing Rapides Parish, Louisiana – the location of the pending state court action. *See* 28 U.S.C. § 98(c). No previous application has been made for the relief requested herein.

### B. State Court Record

Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit 1 is a complete copy of the state court record, as of the time of filing, including "a copy of all process, pleadings, and orders served" in this action.

### C. Timeliness

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Merit, Anadarko, and Oxy were each served on December 21, 2022.[3]

---

[3] *See* Exhibit 1, State Court Records, pp. 46-50; Select (the improperly joined party) was served on December 20, 2022.

Thus, this Joint Notice of Removal is timely filed in accordance with Section 1446(b)(1) and Rule 6 of the Federal Rules of Civil Procedure.

**D. Consent**

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served" in this action have joined in this removal. As explained by this Court, "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined." *Green v. BP Am. Prod. Co.*, No. 18-0888, 2018 WL 5931148, at *2 (W.D. La. Oct. 26, 2018).[4]

**E. Service**

In accordance with 28 U.S.C. § 1446(d), Removing Defendants certify that, promptly after filing this Joint Notice of Removal, copies of the notice will be served on all parties and filed with the Clerk of Court for the 9th Judicial District Court for the Parish of Rapides, Louisiana. The notice in the state action will be in the form of the Notice attached hereto as Exhibit 3.

**F. Grounds for Removal**

This case is removable under 28 U.S.C. §§ 1332 and 1446. Removing Defendants fully reserve their rights, including, but not limited to, all available arguments in support of removal; any available defenses, including those permitted by Rule 12 of the Federal Rules of Civil

---

[4] The Fifth Circuit has also recognized that "a removing party need not obtain the consent of a codefendant that the removing party contends is improperly joined." *Rico v. Flores*, 481 F.3d 234 (5th Cir. 2007) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)). "Moreover, the removing defendant need not even explain the absence of consent in its notice of removal when it contends that the other defendant(s) is improperly joined." *Lowry v. Total Petrochemicals & Ref. USA, Inc.*, No. 18-0864, 2018 WL 5931146, at *2 (W.D. La. Oct. 26, 2018) (citing *Jernigan*, 989 F.2d at 815)).

Procedure; all other jurisdictional, procedural, and venue defenses; and defenses to the merits of this action. Moreover, Removing Defendants reserve the right to supplement or amend this Joint Notice of Removal.

**III. THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states . . . ." 28 U.S.C. § 1332; *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). Removal is proper in this matter because there is complete diversity among the parties properly joined and served, and the jurisdictional amount is met.

**A. The properly joined parties are citizens of different states and completely diverse.**

Complete diversity exists between the parties properly joined and served, as Plaintiffs are citizens of Louisiana and the properly joined and served parties (Merit, Oxy, and Anadarko) are, collectively, citizens of Texas and Delaware.

1. *Citizenship of Plaintiffs*

When determining citizenship for the purposes of diversity jurisdiction, the term citizenship is synonymous with domicile. *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 548 F. Supp. 2d 268 (E.D. La. 2008) (*citing Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Plaintiffs Richard T. Fish and Krista B. Fish have both alleged in the Petition that they are domiciled in the Parish

of Rapides, Louisiana.[5]  Thus, Plaintiffs are and were at the time of the filing of the Petition, as well as during all times intervening, citizens of Louisiana.

      2. *Citizenship of Defendants*

The defendants named in the state court action are limited liability companies and a corporation.  For diversity purposes, citizenship of a limited liability company is determined by the citizenship of each of its members.  *Seguin v. Remington Arms Co., L.L.C.*, 22 F.4th 492, 494 (5th Cir. 2022).  When members are themselves limited liability companies, the citizenship must be traced through however many layers of members there may be.  *Roy O. Martin Lumber Co., LLC v. Hartford Steam Boiler Inspection & Inc. Co.,* Civil Action No. 2:11-cv-804, 2012 WL 1596715, at *3 (W.D. La. May 4, 2012).

For diversity jurisdiction as to corporations, "a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing 28 U.S.C. § 1332(c)(1)); *see also Creadeur v. Atl. Richfield Co.*, No. 14-695, 2014 WL 2999261, at *4 (W.D. La. July 3, 2014). Defendants that are ***improperly joined*** and served are not considered when determining citizenship of the parties for purposes of diversity jurisdiction. *Williams v. Boyd Racing LLC*, No. 15-2673, 2016 WL 236993, at *3 (W.D. La. Jan. 19, 2016); *Gorman v. Schiele*, No. 15-00790, 2016 WL 3583640, at *5-6 (M.D. La. May 20, 2016).

The citizenship of a trust, for diversity purposes, will either be determined by the citizenship of the trustee or by the citizenship of the trust's shareholders or members. (*compare*

---

[5]     Exhibit 1, p. 7, Petition for Damages, ¶ 1.

*Navarro Sav. Ass'n v. Lee*, 446 U.S. 458; 100 S.Ct. 1779; 64 L.Ed.2d 425 (1980) and *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378; 136 S.Ct. 1012; 194 L.Ed.2d 71 (2016)).

The determining factor a court looks at to decide which citizenship(s) to utilize is who the real party to the controversy is at hand. *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 356 (5th Cir.2017) (citations omitted). To determine if the trustee of the trust is the real party to the controversy, a court first looks to see if the trustee is suing, or being sued, in its capacity as trustee. If the answer is yes, the court then analyzes whether the trustee has real and substantial control of the trust's assets. If the trustee does have real and substantial control on the trust's assets, then the citizenship of the trust is determined by the citizenship of the trustee.

However, if the trustee is not suing, or is not being sued, in its capacity as trustee, and/or the trust is not a traditional trust, but more akin to a business entity, then the citizenship of the trust is determined by its owners, shareholders, or members. *See Algiers Dev. Dist. v. Vista Louisiana, LLC*, CV 16-16402, 2017 WL 121127, at *3 (E.D. La. Jan. 12, 2017).

    a. <u>Merit Energy Company, LLC</u>

At the time of the filing of the Petition, as well as during all times intervening, Merit was a limited liability company, thus its members determine, for diversity purposes, its citizenship. For the reasons discussed below, Merit, for diversity purposes, is a citizen of Texas.

The members of Merit are (i) Merit Energy Management, LP; (ii) Gayden Family Trust; (iii) Nazuni Partners, LP; (iv) Bevo Partners, LP; and (v) Terry D. Gottberg.

### i   Merit Energy Management, LP

Merit Energy Management, LP has two partners.  The first partner is Merit Energy Management GP, LLC, whose sole member is The MP Management Trust whose trustees and owners are Katherine G. Keenan, Elizabeth G. Williams, and Cynthia N. Gayden who are all domiciled and citizens of Texas.  The second partner of Merit Energy management, LP is the MP Management Trust.  Thus, for diversity purposes, the citizenship of Merit Energy Management, LP is Texas.

### ii   Gayden Family Trust

The owner of the Gayden Family Trust is The MP Management Trust, which for the aforementioned reasons, is a citizen of Texas.  Therefore, for diversity purposes, the Gayden Family Trust is a citizen of Texas.

### iii   Nazuni Partners, LP

The partners of Nazuni Partners, LP are The MP Management Trust (Texas) and Elizabeth G. Williams, an individual domiciled in, and a citizen of, Texas.  Therefore, for diversity purposes, Nazuni Partners, LP is a citizen of Texas.

### iv   Bevo Partners, LP

The partners of Bevo Partners, LP are The MP Management Trust (Texas) and Katherine G. Keenan, an individual domiciled in, and a citizen of, Texas.  Therefore, for diversity purposes, Nazuni Partners, LP is a citizen of Texas.

### v   Terry D. Gottberg

Terry D. Gottberg, an individual domiciled in, and a citizen of, Texas.

b. <u>Oxy</u>

At the time of the filing of the Petition, as well as during all times intervening, Oxy was incorporated in Delaware and had its principal place of business in Texas. Accordingly, Oxy is a citizen of Delaware and Texas.

c. <u>Anadarko</u>

At the time of the filing of the Petition, as well as during all times intervening, Anadarko's sole member is Anadarko Consolidated Holdings, LLC, a Delaware limited liability company with its principal place of business in Texas. Anadarko Petroleum Corporation, a Delaware corporation with its principal place of business in Texas, indirectly owns 100% of Anadarko Consolidated Holdings LLC.

d. <u>Plaintiffs cannot establish a viable cause of action against the improperly joined Louisiana defendant, Select.</u>

As explained below, the Petition fails to state a claim against Select as there are no allegations that: (1) Select conducted, directed, controlled, or participated in the allegedly imprudent oil and gas activities conducted on the Subject Property; (2) Select entered into any contract with the Plaintiffs; (3) Select owes any duty to the Plaintiffs; (4) Select's actions damaged the Plaintiffs; or (5) Select entered into a contract with a third-party to stipulate a manifestly clear and certain benefit to the Plaintiffs. Ignoring the citizenship of this improperly joined defendant, Merit, Oxy, and Anadarko were at the time of filing of the Petition, as well as during all times intervening, citizens of Delaware and Texas. Plaintiffs are citizens of Louisiana. Thus, complete diversity of citizenship exists.

## B. The amount in controversy exceeds $75,000, exclusive of interests and costs.

When a plaintiff alleges an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773–74 (5th Cir. 2003); *Loque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002). The removing defendant can satisfy this burden by demonstrating in its notice of removal that, based on the facts alleged in the petition, it is "facially apparent" that a plaintiff's claims probably exceed $75,000. *Id.* Once the defendant establishes the amount in controversy is sufficient, removal is proper unless the plaintiff can show "that it is legally certain that his recovery will not exceed the amount stated." *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and a district court must accept the defendant's good-faith allegations regarding the amount in controversy. *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87, 89 (2014). A defendant is not required to submit any evidence with its notice of removal. *Id.*

In this case, Plaintiffs have prayed for, *inter alia*, the following damages from Removing Defendants:

- Compensatory damages, including payment of the costs to remediate lands to its original unpolluted state, civil fruits resulting from the illegal and bad faith trespass on Plaintiffs' property, storage damages, damages for loss of use and lost profits and lost income, damages for land loss and subsidence and the cost of backfilling canals and other excavations;

- Punitive and exemplary damages;

- Costs to conduct a comprehensive and expedited environmental assessment of Plaintiffs' property to identify all hidden or not yet identified pollution;

- Damages for diminution in property value before and after restoration, and stigma damages;

- Cost to restore Plaintiffs' property to its pre-polluted condition;

- All other consequential damages that related to Defendants' breach of contract;

- Unjust enrichment damages;

- Diminution in property value before and after, including stigma damages;

- All damages allowed under Subsection H of La. R.S. 30:29; and

- Other monetary relief.[6]

While Removing Defendants admit neither liability nor any element of damages, it is apparent from the face of the Petition that the nature and extent of Plaintiffs' allegations contemplate damages in excess of $75,000. *See, e.g.*, *Cole v. PSC Indus. Outsourcing, LP*, No. 16-648, 2018 WL 10015617, at *7 (W.D. La. Oct. 24, 2018) (determining the amount in controversy on "even a small parcel of property" exceeded $75,000 based on plaintiffs' request for "environmental remediation, loss of use of property, devaluation of property, and contamination of ground water").

Additionally, the Court may look to the amount recovered in similar cases to determine whether the amount in controversy will meet the jurisdiction limit. *See Marcel v. Pool Co.*, 5 F.3d 81, 82-83 (5th Cir. 1993). In cases with similar allegations to this one, plaintiffs have recovered damages in excess of $75,000. *See, e.g.*, *Simoneaux v. Amoco Prod. Co.*, 02-1050 (La. App. 1 Cir. 9/26/03), 860 So. 2d 560, 562–63 (award of $375,000 in oilfield contamination case); *Tensas Poppadoc Inc. v. Chevron U.S.A., Inc.*, No. 40-769, 2008 WL 5985530, ¶ 8 (La. Dist. Ct.

---

[6] Exhibit 1, pp. 25-26, Petition for Damages, Prayer for Relief.

Sept. 10, 2008) (award of $1,000,000 in oilfield contamination case). Accordingly, while Removing Defendants admit neither liability nor any element of damages, they have met their burden of showing that it is facially apparent the amount in controversy likely exceeds $75,000.

IV. **FACTUAL BACKGROUND REGARDING IMPROPER JOINDER OF SELECT.**

The Petition alleges that oil and gas operations were conducted on the Subject Property under one mineral lease dated January 1, 1992, from William Madison Monroe et ux to Donnie W. Lambert ("1992 Mineral Lease"), under which two oil wells were drilled, namely, the AUS C RA SUA; Monroe A#1 (S/N 216274) (the "A-1 Well") and the AUS C RA SUA; Monroe A#2-ALT (S/N 218626) (the "A-2 Well").[7] According to Plaintiffs' own allegations, Select never permitted, drilled, or operated the A-1 Well, nor the A-2 Well.[7]

### A. Allegations as to Select

Plaintiffs' Petition is essentially a form petition that neither alleges that Select operated the wells or served as mineral lessee on the Subject Property. Indeed, Select is referenced only once in the Petition (*i.e.*, in Paragraph 4, where Select is named as a defendant); and no specific allegations have been pleaded by the Plaintiffs against Select.

Select (a Louisiana Limited Liability Company, whose sole member is domiciled in the State of Louisiana) ***was not a mineral lessee, operator, or interest holder*** in any exploration and production activities conducted on the Subject Property.[8] Such is apparent on the face of Plaintiffs' Petition, where Select is neither named in the Operator History[9] nor the list of mineral lessees[10]

---

[7] Exhibit 1, pp. 31-32, Petition Exhibit B (Operator History) and Exhibit C (Lease#: 929302).
[8] Exhibit 2, Declaration of Barry Salsbury.
[9] Exhibit 1, p. 31, Petition Exhibit B (Operator History).
[10] Exhibit 1, p. 32, Petition Exhibit C (Lease#: 929302).

attached to Plaintiffs' Petition. As more fully explained below, the absence of such allegations is fatal to Plaintiffs' ability to recover against Select. *See Jackson v. Apache Corp (of Delaware)*, No. 21-03263, 2022 WL 6274999 (W.D. La. Sept. 14, 2022) (Kay, M.J) (denying remand and dismissing parties similarly situated to Select based upon substantially the same petition filed by Plaintiffs' counsel), *report and recommendation adopted*, No. 21-03263, 2022 WL 6228887 (W.D. La. Oct. 7, 2022) (Cain, J.). Accordingly, Select is improperly joined to this action and should be summarily dismissed, as there is no reasonable basis for the Court to predict that the Plaintiffs might be able to recover against Select (an in-state defendant). *Id*.

**V. LAW AND ANALYSIS – IMPROPER JOINDER**

A defendant may seek removal by showing that a non-diverse defendant was improperly joined. *Smallwood v. Il. Central R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). In the Fifth Circuit, "improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 401 (5th Cir. 2013). There must be a "reasonable possibility of recovery" against the non-diverse defendant, "not merely a theoretical one." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003); *see also Smallwood*, 385 F.3d at 573 (stating proper test to be applied in evaluating improper joinder is "whether the defendant has demonstrated that there is . . . no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant").

A court may resolve whether plaintiff has a possibility of recovery against the nondiverse/non-consenting defendant in one of two ways: (1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-

diverse defendant under state law (*i.e.*, Fed. R. Civ. P. 12(b)(6) analysis); or (2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d 573.

Under the first method, federal pleading standards govern the Rule 12(b)(6)-type improper joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 204 (5th Cir. 2016). Thus, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Factual allegations must raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Id.* at 545. A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. In the context of Rule 12(b)(6) pleading standards, "the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009. Summary inquiry is also appropriate to identify "discrete and undisputed facts" that would preclude plaintiff from recovering against an in-state defendant. *Lowry v. Total Petrochemicals & Ref. USA, Inc.*, No. 18-0864, 2018 WL 5931146, at *4 (W.D. La. Oct. 26, 2018); *see also Smallwood*, 385 F.3d at 574, n. 12 ("For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not alleged, or any other fact that easily can be disproved if not

true.").[11] Under either a 12(b)(6) or summary inquiry analysis, Plaintiffs' claims against Select fail as a matter of law.

Indeed, in *Jackson v. Apache Corp (of Delaware)*,[12] this Court recently addressed a practically identical scenario to the case at bar in a removed action ***filed by Plaintiffs' counsel using substantially the same form state court Petition filed by the Plaintiffs here***.[13] In *Jackson*, the plaintiffs' oil and gas operations contamination lawsuit was filed against five (5) defendants in Jefferson Davis Parish state court.[14] The properly joined defendants in *Jackson* removed the case to this Court, where two non-diverse parties were improperly joined (both of whom, per the face of the petition, never performed operation activities on the property at issue).[15] In recommending denial of the Plaintiffs' motion to remand and dismissing the improperly joined parties, Magistrate Judge Kathleen Kay (whose report and recommendation was adopted by Judge James D. Cain, Jr.) reasoned that there was no reasonable basis for this Court to predict that that the plaintiffs might be able to recover from a non-diverse defendant in an oil and gas

---

[11]  For example, in *Guillory v. Starr Indemnity & Liabl. Co.*, No. 18-1634, 2019 WL 1447510 (W.D. La. Mar. 18, 2019), Plaintiff sued the Louisiana Department of Transportation and Development ("DOTD") claiming that a poorly maintained road caused him to rear-end a third party who stopped suddenly to avoid a pothole. Defendants removed the case to the Western District claiming that the non-diverse DOTD was improperly joined because the road on which the accident occurred had no potholes and thus could not have caused the accident. In support of their argument, the removing defendants submitted an affidavit and dash cam footage. Relying on the dash cam footage, the Court found that the condition of the road did not cause the accident because "the [third party's] truck remained in motion, at an essentially constant speed, until after impact," which directly contradicted the plaintiff's allegation and that plaintiff "did not set forth any facts to dispute this conclusion." *Id.* at *5. Based on this evidence, the Court held that the removing defendants established that the plaintiff had no reasonable possibility of recovery against the DOTD and that its presence must be disregarded for purposes of subject matter and removal jurisdiction.

[12]  No. 21-03263, 2022 WL 6274999 (W.D. La. Sept. 14, 2022) (Kay, M.J), *report and recommendation adopted*, No. 21-03263, 2022 WL 6228887 (W.D. La. Oct. 7, 2022) (Cain, J.)

[13]  *Jackson v. Apache Corp (of Delaware),* No. 21-03263 (W.D. La.) at Rec. Doc. 1-1.

[14]  No. 21-03263, 2022 WL 6274999, at *1-2.

[15]  *Id.*

operations contamination lawsuit (whether in tort or *ex contractu*/on a third-party beneficiary claim) in the absence of factual allegations that the non-diverse defendant actually conducted operation activities on the subject property.[16]

The same is true here as to Select. No specific allegations have been pleaded against Select that it performed operation activities on the Subject Property such as to cause any of the alleged contamination[17]; and, indeed, Select **was not a mineral lessee, operator, or interest holder** in any exploration and production activities conducted on the Subject Property.[18] Thus, removal is proper in this instance, as it was in *Jackson*; and Select should be summarily dismissed.

**A. The Petition fails to state a claim against Select under Louisiana law.**

1. *The Petition fails to state a negligence claim against Select.*

In determining whether to impose liability for negligence under Civil Code article 2315, Louisiana courts employ a duty-risk analysis that requires a plaintiff to prove five elements: (1) the defendant had a duty to conform his conduct to a specific standard of care (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard of care (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope-of-duty element); and (5) actual damages (the damages element). *See S.J. v. Lafayette Parish Sch. Bd.*, 2009-2195 (La. 7/6/10), 41 So. 3d 1119, 1125.

---

[16]     *Id*. at *5-7.

[17]     Exhibit 1, pp. 7-33, Petition for Damages.

[18]     *See also* Exhibit 2, Declaration of Barry Salsbury.

In this case, the lack of contractual privity between Plaintiffs and Select, combined with Plaintiffs' conclusory and generic allegations of "negligence," necessitate a finding that the Petition fails to state a negligence claim against Select. Indeed, the exhibits attached to the Petition reveal that Select was not a mineral lessee, operator, working interest owner, non-operating working interest owner, or joint-venturer in any of the exploration and production activities conducted on the Subject Property and subject of the Plaintiffs' Petition.[19] In other words, there is no privity of contract between the Plaintiffs and Select, and Select did not participate in or control the oil and gas operations that were conducted on the Subject Property.

Indeed, the Petition is devoid of any specific allegations as to Select, instead relying solely on general conclusory allegations as to all "Defendants." These general and conclusionary allegations are insufficient to state a viable negligence claim under Louisiana law. In particular, Plaintiffs' allegations fail to allege any legally cognizable duty that Select owed to the Plaintiffs or that any breach of any such duty occurred. *See Meany v. Meany*, 94-0251 (La. 7/5/94), 639 So. 2d 229, 233 ("A threshold issue then in any negligence action is whether the defendant owed the plaintiff a duty."); *Palmero v. Port of New Orleans*, 2004-1804 (La. App. 4 Cir. 1/19/07), 951 So. 2d 425, 434 ("Absent a duty to the plaintiff, there can be no actionable negligence and hence no liability."). The Plaintiffs also fail to allege how Select's conduct caused them damages or even what damages Plaintiffs supposedly sustained as a result of Select's conduct.

2. *The Petition fails to state a third-party beneficiary claim against Select.*

The Louisiana Supreme Court has held that to state a third-party beneficiary claim, a plaintiff must prove the following elements: (1) the stipulation for a third party is manifestly

---

[19] Exhibit 1, pp. 31-32, Petition Exhibit B (Operator History) and Exhibit C (Lease#: 929302).

clear; (2) there is certainty as to the benefit provided by the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee. *See Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary*, 2005-2364 La. 10/15/06 (La. 2006), 939 So. 2d 1206, 1212.

Plaintiffs' third-party beneficiary allegations fall woefully short of demonstrating facial plausibility because Plaintiffs have not pleaded factual content that would allow the Court to infer with any certainty that (1) there is a contract containing a manifestly clear stipulation in favor of these Plaintiffs, (2) what benefit the undisclosed contract conferred to Plaintiffs, and (3) whether that unknown benefit was a mere incident of the unknown contract between an undisclosed promisee and promisor. *See Joseph*, 939 So. 2d at 1212.

## VI. CONCLUSION

In sum, this civil action is one in which the Court has original jurisdiction under 28 U.S.C. § 1332 because it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441. Removing Defendants, Merit, Oxy, Anadarko, and Select, pray that this Joint Notice of Removal be deemed good and sufficient and that this matter be accepted onto this Court's docket.

OTTINGER HEBERT, L.L.C.

**s/Ryan P. McAlister**
J. Michael Fussell, Jr., Bar Roll No. 29870
mfussell@ohllc.com
Ryan P. McAlister, Bar Roll No. 37788
rmcalister@ohllc.com
P. O. Drawer 52606
1313 West Pinhook Road (70503)
Lafayette, Louisiana 70505-2606

Telephone: (337) 232-2606
Facsimile: (337) 232-9867

*Counsel for Merit Energy Company, LLC.*


**s/Jacob A. Altmyer**
Gavin H. Guillot, T.A. (#31760)
Jacob A. Altmyer (#36352)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Gavin.Guillot@pjgglaw.com
Jacob.Altmyer@pjgglaw.com
**ATTORNEYS FOR SELECT OILFIELD SERVICES, LLC**

**s/Meghan E. Smith**
Meghan E. Smith, T.A. (#34097)
Christoffer C. Friend (#1888)
Phillip M. Wood (#33435)
Marisa Del Turco (#40336)
**JONES WALKER LLP**
201 St. Charles Ave., Suite 5100
New Orleans, LA 70170
Telephone: 504-582-8000
Facsimile: 504-589-8709
msmith@joneswalker.com
cfriend@joneswalker.com
pwood@joneswalker.com
mdelturco@joneswalker.com

and

Tiffany N. Dupree (#38203)
**JONES WALKER LLP**
445 North Boulevard, Suite 800
Baton Rouge, LA 70802
Telephone: (225) 248-2000
Facsimile: (225) 248-3154
tdupree@joneswalker.com

**ATTORNEYS FOR OXY USA INC. and ANADARKO E & P ONSHORE LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of January, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United State mail, and properly addressed.

                                                         s/ Ryan P. McAlister
                                                           Ryan P. McAlister