UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICHARD T. FISH, *ET AL.*, <br> **Plaintiffs** | CIVIL ACTION NO. 1:23-CV-00092 |
| VERSUS | JUDGE DRELL |
| MERIT ENERGY CO., L.L.C., *ET AL.*, <br> **Defendants** | MAGISTRATE JUDGE PEREZ-MONTES |

## JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (*de novo*) review of the record including the objections filed herein, and having determined that the findings and recommendation are correct under the applicable law;

IT IS ORDERED that Plaintiffs' Motion to Remand (ECF No. 28) is DENIED.

IT IS FURTHER ORDERED that Select's Motion to Dismiss (ECF No. 39) is GRANTED, and that Plaintiffs' claims against Select are DISMISSED WITHOUT PREJUDICE and that Select be DISMISSED as a party to this lawsuit.

In so ruling, we note our disagreement with the objections of Select Oilfield Services, LLC to the Magistrate Judge's findings regarding the citizenship of Select for purposes of the motion. We first note that the cases relied upon by Select in support of their request that Select's citizenship be assumed rather than determined are distinguishable. In Rigid Constructors LLC v. Mitsui Sumitomo Marine Mgmt. USA, Inc., No. 22-06234, 2023 WL 4064019, at *1 (W.D. La. Apr. 6,

2023), the assumption of citizenship was made because the members of the LLC were not identified. Without an identified member, an analysis simply could not be performed. Selects sole member, Mr. Salsbury, was identified and his connections to Louisiana and Florida could be analyzed. And in *In re* Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litig., 294 F.Supp.2d 667 (E.D. Pa. 2003), the entity at issue was a corporation, not an LLC like Select. Thus, the evaluation was not the same. We also note that Select fails to point to any binding precedent that suggests that assumption of citizenship by the court is anything other than discretionary. Here, the Magistrate Judge analyzed the facts and found evidence sufficient to make an actual finding of citizenship. Tellingly, in Select's registered office filings in Louisiana, Mr. Salsbury affirmatively represents that the LLC's address, which is Salsbury's home, are in Louisiana. Finally, even if we were to follow the route of ASSUMING for purposes of decision that Select's citizenship is Louisiana, the result would be the same. Thus we do adopt the Magistrate Judge's findings regarding citizenship in all respects.

THUS ORDERED AND SIGNED in chambers in Alexandria, Louisiana on this 13th day of October, 2023.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT